UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| O'DADDY, LLC and SMOKE DADDY FOODS, LLC, | ) ) ) |
| Plaintiffs, | ) ) Case No. |
| vs. | ) ) |
| CHRISTOPHER SLOCUM d/b/a SMOKE DADDY'S, | ) ) JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiffs, O'Daddy, LLC and Smoke Daddy Foods, LLC ("Plaintiffs" or "Smoke Daddy"), by its attorneys, hereby brings this Complaint against Defendant Christopher Slocum d/b/a Smoke Daddy's, ("Defendant") for (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, (2) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and (3) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

### INTRODUCTION

1. Plaintiff, O'Daddy, LLC owns and operates two Chicago-based restaurants under the name SMOKE DADDY, both of which are well-known for their barbeque food offerings.

2. One of the SMOKE DADDY restaurants is located in the popular Wicker Park neighborhood of Chicago and the other is located in Hotel Zachary, just across the street from Wrigley Field.

3. Both Plaintiff entities have common ownership and control over the trademarks asserted herein.

1

4. Plaintiff O'Daddy, LLC has been continuously and exclusively using SMOKE DADDY in commerce in connection with its restaurant and bar/tavern services since at least as early as August 31, 1993 through its predecessor in interest, and Plaintiff Smoke Daddy Foods, LLC has been continuously and exclusively using SMOKE DADDY in connection with its BBQ sauces and spice rub since 2008, and with its non-alcoholic bloody mary mix since at least 2012.

5. Since that time, O'Daddy, LLC's SMOKE DADDY restaurants have received national publicity, being featured by Eater Magazine as one of "Chicago's Essential Barbecue Restaurants" and hotelmanagement.com announcing the opening of the second SMOKE DADDY restaurant.

6. Upon information and belief, on or about June 10, 2021, Defendant Christopher Slocum d/b/a SMOKE DADDY'S posted a sign on the property located at 515 Williams Street, Unit 5 and 6, South Haven, Michigan stating:

SMOKE DADDY'S

B.B.Q. JOINT

Opening Soon!

A photograph of this sign is attached hereto as Exhibit A.

7. South Haven, Michigan is approximately 130 miles, or about a two hour drive from Chicago, Illinois. Due to its proximity to Chicago, South Haven, Michigan has been referred to as a "resort town" that draws vacationers from Chicago.

8. On June 14, 2021, counsel for Plaintiffs sent Mr. Slocum a cease and desist letter advising Mr. Slocum of the federally registered SMOKE DADDY trademarks asserted herein and requesting that Mr. Slocum cease use of SMOKE DADDY'S or any other confusingly similar trademark.

9. Upon information and belief, Mr. Slocum has not ceased use of SMOKE DADDY'S despite being aware of Plaintiffs' federally registered trademarks.

**PARTIES**

10. O'Daddy, LLC is an Illinois limited liability company with a principal place of business at 1804 West Division Street, Chicago, Illinois 60622.

11. Smoke Daddy Foods, LLC is an Illinois limited liability company with a principal place of business at 1804 West Division Street, Suite 2F, Chicago, Illinois 60622.

12. Plaintiff, O'Daddy, LLC owns and operates two Chicago-based restaurants under the name SMOKE DADDY, both of which are well-known for their barbeque food offerings and branded sauces and drink mixes. These branded sauces and drink mixes are also sold separately by Plaintiff, Smoke Daddy Foods, LLC.

13. Defendant Christopher Slocum d/b/a Smoke Daddy's is an individual conducting business at 515 Williams Street, # 5 & 6, South Haven, Michigan 49090.

14. Upon information and belief, Christopher Slocum is the owner of and is personally responsible for the selection and use of the imposter name "Smoke Daddy's" in connection with his BBQ restaurant. As a result, Mr. Slocum is personally liable for acts of trademark infringement.

**JURISDICTION AND VENUE**

15. This action arises under the trademark laws of the United States 15 U.S.C. § 1051 *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because the Defendant conducts business in this judicial district, upon information and belief the Defendant

resides in this business, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PLAINTIFFS' TRADEMARKS AND BUSINESS

17. Plaintiffs are the exclusive owner of all rights, title, and interest to the following respective SMOKE DADDY trademarks in connection with the respective goods and services (collectively the "SMOKE DADDY Trademarks"):

| Mark | Identification | Date of First Use in Commerce |
| --- | --- | --- |
| SMOKE DADDY Reg. No. 2816696 | Class 43: Restaurant and bar/tavern services | August 31, 1993 |
| SMOKE DADDY Reg. No. 4839629 | Class 30: BBQ sauces, and spice rub. | 2008 |
| | Class 32: non-alcoholic bloody mary mix | 2012 |

Copies of the certificates of registration for the SMOKE DADDY Trademarks are attached as Exhibit B.

18. SMOKE DADDY (Reg. No. 4839629) is incontestable under 15 U.S.C. § 1065 due to Plaintiff, Smoke Daddy Foods, LLC's continuous use of the marks in commerce since at least as early as 2008 with BBQ sauces and spice rub, and at least as early as 2012 with non-alcoholic bloody mary mix.

19. Plaintiffs have continuously used the domain name *thesmokedaddy.com* to market and advertise its services since at least October 5, 2002.  *See* Exhibit C.

20. Plaintiff, Smoke Daddy Foods, LLC, sell its BBQ sauces, rubs and bloody mark mixes on its website thesmokedaddy.com.  *See, e.g.,*  https://smokedaddy.securetree.com/Shop/Sauces-Rubs/

21. Plaintiff Smoke Daddy Foods, LLC currently sells its products under the SMOKE DADDY mark both to individuals located in Michigan as well as to sports bars and grocery

4

stores located in Michigan.  Plaintiff, Smoke Daddy Foods, LLC has also sold its products under the SMOKE DADDY mark to Costco in Michigan.

22. Through continuous and extensive use since its adoption, Plaintiffs' SMOKE DADDY Trademarks have achieved widespread recognition and have become a hallmark of its domestic goodwill.

23. Plaintiffs have expended a substantial amount of time, energy, and resources in marketing, promoting, and advertising under the SMOKE DADDY brand.

24. As a result of Plaintiffs' marketing efforts and top-quality goods and services, the SMOKE DADDY Trademarks serve as strong source identifiers for Plaintiffs' goods and services.

## DEFENDANTS' INFRINGING ACTIVITIES

25. On and information and belief, Mr. Slocum has registered one or more domain names using the term SMOKE DADDYS.

26. As evidenced by Exhibit A, Mr. Slocum has announced that the SMOKE DADDY'S BBQ restaurant is "opening soon" and may have as of the date of this complaint already opened, despite knowledge of the SMOKE DADDY Trademarks at least as early as June 15, 2021 when the cease and desist correspondence was delivered to Defendant.

27. Defendant has merely added "'S" to the end of the SMOKE DADDY Trademarks and is or will be offering identical services as those offered under the federally registered SMOKE DADDY Trademarks.

28. Defendants' adoption and use of the SMOKE DADDY'S mark is likely to cause confusion, mistake, or deception as to the source, association, affiliation, or sponsorship of

5

Defendant's services. Ordinary consumers will mistakenly believe that Defendant's restaurant services are owned, sponsored, or otherwise affiliated or approved by Plaintiffs.

29. The photograph attached as Exhibit A was sent to Plaintiffs by a consumer visiting South Haven, Michigan who mistakenly believed that Defendant's restaurant "opening soon" was in fact a third location owned by Plaintiff O'Daddy, LLC.

30. Defendants' conduct was, and continues to be, in bad faith, willful, deliberate and in knowing violation of the law.

31. Plaintiffs will be irreparably injured if Defendant's unlawful acts are allowed to continue.

32. Defendant's actions are unlawful and have damaged Plaintiffs in an amount not yet calculated.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

33. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

35. Upon information and belief, Defendant is offering services using a colorable imitation of Plaintiffs' registered SMOKE DADDY Trademarks in connection with its services, business, and website without Plaintiffs' permission. Such unauthorized use in commerce is likely to

6

cause confusion or mistake or deception among prospective or actual customers and other members of the public, in violation of Section 32 of the Lanham Act.

36. Defendant's acts of infringement in violation of Section 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

37. Defendant has willfully intended to trade on the recognition of the reputation of Plaintiffs and the SMOKE DADDY Trademarks.

38. Defendant's acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict irreparable harm on Plaintiffs. Thus, Plaintiffs have no adequate remedy at law.

39. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover damages in an amount to be determined at trial, including Defendant's profits, losses sustained by Plaintiffs due to Defendant's infringing conduct, and costs of the action. Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiffs to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (LANHAM ACT § 43(a))

40. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . . or any false designation of origin . . . which is likely to cause

confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

42. Defendant's use of confusingly similar imitations of the SMOKE DADDY Trademarks, including use of SMOKE DADDY'S and affiliated domain names, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's business and services are affiliated, connected, or associated with Plaintiffs.

43. Defendant is passing off his services as those of Plaintiffs' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Plaintiffs' services.

44. Defendant's activities and conduct have been willful, deliberate, knowingly and intentionally designed to trade upon the significant goodwill of Plaintiffs' SMOKE DADDY Trademarks, to cause confusion or mistake, and to deceive the public to the source or origin of Defendant's services.

45. Defendant's actions have caused and are likely to cause substantial injury to the public and to Plaintiffs, their business, goodwill, and reputation.

46. Defendant's aforementioned acts constitute false designation of origin, unfair competition, and trademark infringement in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

47. Despite actual knowledge of the SMOKE DADDY Trademarks, Defendant's continued actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Plaintiffs' goodwill and to cause confusion, deception, and mistake by intentionally portraying a non-existent affiliation or relationship between Plaintiffs and Defendant's businesses, services, and websites, thereby causing significant and irreparable injury to Plaintiffs.

48. Plaintiffs are entitled to injunctive relief, and to recover Defendant's profits associated with the infringement and Plaintiffs' costs.

## COUNT IV
## CYBERSQUATTING
## (LANHAM ACT § 43(d))

49. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Upon information and belief, Defendant registered, trafficked in, and is using a domain name which includes, and is virtually identical or confusingly similar to Plaintiffs' SMOKE DADDY Trademarks.  Upon information and belief the domain name encompasses the SMOKE DADDY Trademarks in their entirety and confusingly similar to Plaintiffs' bona fide *thesmokedaddy.com* domain name, which is registered and operated by Plaintiffs.

51. The SMOKE DADDY Trademarks were distinctive and, upon information and belief, known to Defendant at the time he registered and/or acquired domain name(s) utilizing a virtually identical or confusingly similar mark to Plaintiffs' SMOKE DADDY Trademarks.

52. Defendant has and continue to have a bad faith intent to profit from the confusingly similar domain name.  Defendants have no valid trademark rights in the SMOKE DADDY name or any other mark incorporating the element "SMOKE DADDY."  Instead, Defendant has used the domain name to divert actual or potential customers away from Plaintiffs' website to Defendants' own website for the purpose of causing confusion and exploiting and harming the goodwill of the SMOKE DADDY Trademarks, all for Defendant's own commercial gain.

53. Defendant's aforementioned acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d) (Section 43(d) of the Lanham Act).

54. As a result of Defendant's cybersquatting, Plaintiffs have suffered detriment to its business, goodwill, reputation, and profits, all to its damage in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117.  In addition, Plaintiffs believe that Defendant has derived and will continue to derive unlawful gains and profits as a result of its unlawful acts.  Alternatively, Plaintiffs are entitled to recover statutory damages. If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiffs, for which Plaintiffs have no adequate remedy at law.  Injunctive relief against such continued conduct by Defendants should be granted pursuant to this Court's authority under 15 U.S.C. §§ 1116 and 1118.

## PRAYER FOR RELIEF

Plaintiffs requests that the Court enter judgment against Defendant as follows:

1. In favor of Plaintiffs and against Defendant as to each of the above counts;

2. An injunction restraining, enjoining and prohibiting Defendant and any of his agents, employees, representatives, successors, assigns, licensees, distributors, affiliates, and all persons in active concert or participation with Defendants from using the SMOKE DADDY Trademarks or any confusingly similar designations, alone or in combination with other words, as a trademark, service mark, or trade name, to identify, market, distribute, advertise, promote, to offer for sale or to provide BBQ restaurant services or related goods or services;

3. An injunction against engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' business, services, website or other activities with Plaintiffs or the SMOKE DADDY Trademarks;

4. Require destruction of any materials using the SMOKE DADDY'S name;

5. Require transfer to Plaintiffs of the any domain name using the terms SMOKE DADDYS, or in the alternative, be ordered to forfeit the domain name or order the domain name registration to be cancelled;

6. Award Plaintiffs (a) all profits of Defendant, plus all losses of Plaintiffs, attributable to Defendant's infringement, the exact sum to be proven at the time of trial, or (b) statutory damages, as elected by Plaintiffs prior to final judgment;

7. Require Defendant pay damages incurred by Plaintiffs as a result of Defendants' violations of 15 U.S.C. § 1125(a).

8. Award Plaintiffs treble damages for all trademark damages assessed herein;

9. Award Plaintiffs enhanced damages and Plaintiffs' reasonable attorneys' fees;

10. Award Plaintiffs the costs of this action; and

11. Such other legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all the issues so triable.

Dated: July 13, 2021                    BY:  O'Daddy, LLC and Smoke Daddy Foods, LLC

                Its counsel:

                /s/  *Robb S. Krueger*
                Robb S. Krueger (P66115)
                Kreis, Enderle, Hudgins, & Borsos P.C.
                P.O. Box 4010
                Kalamazoo, MI 49003
                Telephone: (269) 324-3000
                Fax: (269) 324-3010
                Email: RKrueger@kehb.com